IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUNZE PLASTICS ENGINEERING
CORPORATION OF AMERICA,

                Plaintiff,

v.                                                    Case No. 12-2297-JTM

LANDMARK TECHNOLOGY, LLC,

                Defendant.

MEMORANDUM AND ORDER

The following matter comes to the court on defendant Landmark Technology, LLC's Motion to Dismiss (Dkt. 8). Landmark argues that the Complaint fails to provide sufficient facts to support personal jurisdiction over the defendant. After reviewing the Motion, the plaintiff's Response, and Landmark's Reply, the court finds it cannot exercise personal jurisdiction over the defendant and dismisses the Complaint.

**I. Background**

Plaintiff Gunze Plastics Engineering Corporation of America is a Kansas corporation with its principal place of business in Olathe, Kansas. Defendant Landmark is a Delaware company with its principal place of business in Tyler, Texas. Landmark is a licensing and electronic data interchange development company. Its business is based on the commercialization of its collection of patents, including U.S. Patent Nos. 5,576,951, 6,289,319, and 7,010,508 (collectively, "Patents-in-Suit").

On April 20, 2012, Landmark sent a letter to Gunze about the Patents-in-Suit. The letter stated that Gunze was profiting from technology protected by Landmark's Patents-in-Suit. Landmark offered to license the Patents-in-Suit to Gunze for $145,700 if Gunze began discussions with Landmark within thirty days and entered into a licensing agreement within ninety days.

On May 18, 2012, Gunze filed suit against Landmark in this court, seeking a declaratory judgment alleging invalidity and non-infringement of the Patents-in-Suit. Landmark filed a Motion to Dismiss for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).

## II. Legal Standard: Personal Jurisdiction

This court is bound by Federal Circuit law in deciding whether non-resident defendants accused of patent infringement are subject to personal jurisdiction. *Morrison Co. v. WCCO Belting, Inc.*, 35 F. Supp. 2d 1293, 1294 (D. Kan. Jan. 11, 1999) (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564–65 (Fed. Cir. 1994)). With regard to procedural matters that are unrelated to patent law, the Federal Circuit generally follows the guidance of the regional court of appeals. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1575 (Fed. Cir. 1984). Consequently, Tenth Circuit law governs as to which party has the burden of proof and how factual disputes are resolved. *Morrison*, 35 F. Supp. 2d at 1294.

In the Tenth Circuit, the plaintiff has the burden to establish personal jurisdiction over the defendant. *Federal Deposit Insurance Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). However, in the preliminary stages of litigation, the plaintiff's

burden is light. *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). Where a district court considers a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *Id*. at 1057. Based on the proof presented, the court must apply the law to the facts as set forth in the affidavits and complaint, favoring the plaintiff where conflicts exist. *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).

To exercise personal jurisdiction, the court must find that the applicable state long-arm statute confers jurisdiction and the assertion of jurisdiction is consistent with constitutional due process. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1349 (Fed. Cir. 2002). In Kansas, the long-arm statute authorizes the exercise of jurisdiction to the full extent permitted by the constitution, collapsing the two-part inquiry into one: whether asserting personal jurisdiction comports with due process. *Id.*

Due process in exercising personal jurisdiction over an out-of-state defendant requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts standard may be met in two ways. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090–91 (10th Cir. 1998). First, the court may assert specific jurisdiction over a nonresident defendant consistent with due process "if the defendant has purposefully directed his activities at residents of the forum, and the litigation

3

results from alleged injuries that arise out of or relate to those activities." *Id.* (internal citations and punctuation omitted). Second, where the court's exercise of jurisdiction does not arise from defendant's activities in the forum state, the court may exercise general jurisdiction over a defendant, so long as defendant's contacts with the forum state are continuous and systematic. *Id.*

If plaintiff can meet the burden of showing defendant has sufficient contacts with the forum, the defendant must bear the burden of proof to demonstrate that other considerations exist that render the exercise of jurisdiction unreasonable. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

## III. Analysis

In the Complaint, Landmark's letter to Gunze is the only fact suggesting any contact between Landmark and the forum state of Kansas. In its Response, Gunze also argues that Landmark maintains an interactive website that is sufficient to establish purposeful availment of the forum. Gunze also argues in its Response that Landmark's managing member, Mr. Lawrence Lockwood, may have contacts with Kansas that would connect Landmark with the forum. The Response also asserts that Pangea Intellectual Properties ("PanIP"), a company of which Mr. Lockwood is the principal, may have connections with Kansas that would support hailing Landmark into its courts. Finally, Gunze argues that this court should allow it to engage in jurisdictional discovery to find out what minimum contacts exist between Landmark and Kansas. The court addresses each of these contentions in turn.

*A. Defendant's Letter Is Insufficient to Establish Jurisdiction in Kansas*

The Federal Circuit has stated that "cease-and-desist letters alone do not suffice to create personal jurisdiction . . . ." *Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998); *Payless Shoesource, Inc. v. Genfoot, Inc.*, 2004 WL 2182184 at *2 (D. Kan. Sept. 21, 2004). In *Red Wing Shoe*, the Federal Circuit dealt with a very similar situation to the one here, where the plaintiff sought a declaratory judgment of noninfringement after defendant sent a cease-and-desist letter. *See* 148 F.3d at 1359–61. The court held that grounding personal jurisdiction on such contacts alone would not comport with principles of fairness. *Id.* at 1360–61. Moreover, the court also noted that an offer for a license within a cease-and-desist letter does not somehow convert that letter into something more than it was already. *Id.* at 1361.

It is well-settled law that licensing letter such as that sent by Landmark does not in and of itself confer personal jurisdiction. Thus, this court must dismiss the claim for lack of personal jurisdiction unless it can find other contacts that Landmark has had with Kansas.

*B. Defendant's Website Is Passive, Not Interactive*

Gunze argues that Landmark's website gives this court both general and specific jurisdiction over Landmark, because the website purposely directed Landmark activities towards Kansas residents. The court finds that the website is not sufficient to establish personal jurisdiction.

In *Payless Shoesource, Inc.*, the court announced the standard for finding personal jurisdiction based on a website maintained by the defendant. *See* 2004 WL 2182184 at *2. The court stated:

> A web site may form the basis of personal jurisdiction. Courts analyze the level and type of activity conducted on the web site in question to determine the propriety of personal jurisdiction. In doing so, the Tenth Circuit places web sites on a spectrum. A web site on one end of the spectrum allows the defendant to conduct business over the Internet. For example, personal jurisdiction is proper where the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet. Conversely, a passive web site that does no more than make information available cannot, by itself, form the basis of jurisdiction. An interactive web site allowing a user to exchange information with the host computer occupies the middle of the spectrum. Then, the court examines the level of interactivity and commercial nature of the exchange of information on the web site to determine personal jurisdiction.

*Id.* (citations omitted). In *Payless Shoesource, Inc.*, a person accessing the website at issue could enter her location information, prompting the website to return information about the stores in her area. *Id.* The court found that this was enough interaction to place the website somewhere in the middle of the spectrum between interactive and passive. *Id.* However, the court stated that "this interaction alone likely is not sufficient for minimum contacts without a more substantial exchange of commercial information." *Id.* The court required something more to indicate that "the defendant purposefully directed its activities in a substantial way toward the forum state to find personal jurisdiction." *Id.*

In the case at hand, Gunze argues that Landmark's website is the interactive type that properly establishes jurisdiction. Gunze states that the website "lists and touts the Patents-in Suit." Gunze states that Landmark offers classes and consultations on the website. Gunze alleges that the website provides "live person help" and testimonials from individuals about Landmark's services.

These facts do not establish that the website is interactive. Gunze's description does not allege that website viewers may enter into contracts online involving the "knowing and repeated transmission of computer files over the Internet." To the contrary, to take advantage of the "classes and consultations" or "live person help" offered on the website, a person must contact Landmark. The contact information on the website consists of a street address and a phone number, as well as a link the user can access to send an email to Landmark. Even the minimal interaction the court found in *Payless Shoesource, Inc.* is non-existent on Landmark's website. The only opportunity for a user of the website to enter any information is if the user wishes to email Landmark, in which case the user must enter her name and email address. This input of information is not interaction with the website. Rather, it allows the user to interact with the Landmark personnel in charge of answering the email.

In short, a person accessing Landmark's website receives only information and nothing more. If the person would like more information or wishes to pursue the offers on the website, he or she must first contact Landmark. This is a passive website that merely "makes information available," and it cannot form

the basis of general or specific jurisdiction here. *See Payless Shoesource, Inc.*, 2004 WL 2182184 at *2.

### C. Allegations of Mr. Lockwood's and PanIP's Contacts Fail to Establish Jurisdiction

Gunze argues that Landmark's managing member, Lawrence B. Lockwood, may be a source of jurisdiction. In support of this theory, Gunze points to inconsistencies between Landmark's Motion to Dismiss and Lockwood's affidavit. Landmark's Motion claims that "neither Landmark nor its principal, Lawrence Lockwood, have ever had any contact with Kansas." Mr. Lockwood's affidavit declares only that Landmark has not had any contacts with Kansas. Gunze argues that the answer might be because Mr. Lockwood may have connections with Kansas through another company, Pangea Intellectual Properties ("PanIP"). Gunze states that PanIP has been an exclusive licensee of two of the three Patents-in-Suit, and it sued many alleged infringers of the Patents-in-Suit from 2002–2006. Gunze alleges that Mr. Lockwood was a principal in PanIP.

None of these allegations were identified in Gunze's Complaint. Additionally, Gunze provides no facts to support its speculation. Finally, Mr. Lockwood attached a second declaration to Landmark's Reply, wherein he clears up the inconsistency upon which Gunze's speculation is based. Mr. Lockwood's declaration effectively states that neither he nor PanIP has any contacts with Kansas. As a result, this court finds that Gunze has not provided any facts that would support this court exercising personal jurisdiction over Landmark.

**IV. Conclusion**

This court has no personal jurisdiction of defendant Landmark. The cease-and-desist letter and the website maintained by Landmark are both insufficient bases upon which to find that Landmark has purposefully availed itself of the forum. As a result, the court dismisses the Complaint.

IT IS THEREFORE ORDERED this 10th day of December, 2012, that the court grants defendant's Motion and dismisses the action without prejudice.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE